# IN THE UNITED STATES DISTRICT COURT
# FOR THE IOWA SOUTHERN DISTRICT
# EIGHTH CIRCUIT

08 MAR 26 PM 2:14

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

MICHAEL J. MIRRAS, )
    Plaintiff, *ProSe'* )
)
V. ) Case No.:
) TRIAL BY JURY DEMANDED
Greentree Financial, Defendant )
Keith Anderson, Co-Defendant )

## PLAINTIFFS' SATEMENT OF CLAIM
## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Michael J. Mirras. The Plaintiff at all times is a resident of the State of Iowa and the County of Marshall. As such establishing the jurisdiction of this honorable Court.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted.

## Statement of Claim

1  The Defendant is a 3rd party debt collector located in St. Paul MN. as such

2  is governed under the law by The Fair Debt Collection Practices Act 15

3  USC §1601,*et seq*. The Defendant is also a credit lender and as such

4  governed under the law by The Fair Credit Reporting Act 15 USC §1681,

5  *et seq*. and also reports these accounts to the national credit reporting

6  agencies i.e. Trans Union, Equifax, Experian and Innovis all national credit

7  reporting agencies.

8  The State of Iowa abides by and adheres to these laws. Specifically the

9  Fair Credit Reporting Act 15 USC §1681, *et seq*. and

1

12  FDCPA and §1681p of the FCRA. The Defendants are governed under
13  these laws.
14  The Plaintiff denies ever having any contractual agreement for credit,
15  loans or services relationship with the Defendants.
16  Even if the Plaintiff did have such an agreement, which the Plaintiff
17  denies, the alleged debt is not in question here. But the fact as to how it
18  was or was not validated and wrongful actions of the Defendants in an
19  attempt to collect and credit reporting of the alleged debt, violated the civil
20  rights of the Plaintiff and the law as outlined in the Debt Collection
21  Practices Act, 15 USC §1601,*et seq*. and the Fair Credit Reporting Act 15
22  USC §1681, *et seq*.
23  On or about August 6th 2007 the Defendant contacted the Plaintiff by U.S.
24  mail indicating they had purchased and or transferred an account from
25  EMF mortgage of Texas to Greentree Financial Services.
26  That statement indicated that *"your account is seriously past due! Call*
27  *800-494-4566 for payment arrangements"*
28  **Count I**
29  Overshadowing 1996 U.S. Dist. LEXIS 22555, *
30  DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT
31  ASSOCIATES, Defendant. 96-C-0195-S
32  The Plaintiff has 30 days to respond to this alleged account and the
33  statement *"call 800-494-4566 for payment arrangements"* indicates that

34  the Plaintiff must contact them immediately as opposed to the 30 days as

35  allowed by law.

36  **Plaintiff demands judgement in the amount of $1000.00**

37  Plaintiff re-alleges the allegations set forth in paragraphs 1 through 39

38

39  hereinabove.

40

41  **Count II**

42  On or about August 15th 2007 the Plaintiff sent a letter of validation/dispute

43  to the Defendant asking to provide proof of the alleged debt. The Plaintiff

44  sent this by certified US Mail return receipt requested. The Defendant

45  received this on August 17th 2007. As of today's date there has been no

46  response from the Defendant in this matter. The Defendant violated

47  Section **809. Of the DCPA Validation of debts [15 USC 1692g]**

48  **(b) If the consumer notifies the debt collector in writing within the thirty-day period**

49  **described in subsection (a) that the debt, or any portion thereof, is disputed, or that the**

50  **consumer requests the name and address of the original creditor, the debt collector shall**

51  **cease collection of the debt, or any disputed portion thereof, until the debt collector obtains**

52  **verification of the debt or any copy of a judgment, or the name and address of the original**

53  **creditor, and a copy of such verification or judgment, or name and address of the original**

54  **creditor, is mailed to the consumer by the debt collector.**

55  No proof of any account/debt has been received from Greentree to

56  indicate any proof of any alleged debt.

57  The Plaintiff pulled his credit report August 2007 and found that Greentree

58  had entered derogatory information into the Plaintiffs Trans Union and

59  Experian and Equifax Credit report indicating that the account was

60  charged off and late. By not providing any proof of the alleged account did

61  perform continuous collection activity prior to providing proof of the alleged
62  account. This remains in the Plaintiffs credit report to date, the Defendant
63  has updated the account on numerous occasions.
64  **Plaintiff demands judgement in the amount of $24,000.00**
65  Plaintiff re-alleges the allegations set forth in paragraphs 41 through 66
66  hereinabove.
67  **Count III**
68  Reporting erroneous and inaccurate information.
69  VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
70  According to the Fair Credit Reporting Act, section **623. Responsibilities**
71  **of furnishers of information to consumer reporting agencies [15**
72  **U.S.C. § 1681s-2]:**
73  (a) Duty of furnishers of information to provide accurate information.
74  (1) Prohibition.
75  (A) Reporting information with actual knowledge of errors. A person shall not furnish any
76  information relating to a consumer to any consumer-reporting agency if the person knows
77  or consciously avoids knowing that the information is inaccurate.
78  (B) Reporting information after notice and confirmation of errors. A person shall not
79  furnish information relating to a consumer to any consumer-reporting agency if
80  (i) <u>the person has been notified by the consumer, at the address specified by the</u>
81  <u>person for such notices, that specific information is inaccurate; and</u>
82  (ii) the information is, in fact, inaccurate.
83  (2) Duty to correct and update information. A person who
84  (A) regularly and in the ordinary course of business furnishes information to one or more
85  consumer reporting agencies about the person's transactions or experiences with any
86  consumer; and

87  (B) has furnished to a consumer reporting agency information that the person determines
88  is not complete or accurate, shall promptly notify the consumer reporting agency of that
89  determination and provide to the agency any corrections to that information, or any
90  additional information, that is necessary to make the information provided by the person
91  to the agency complete and accurate, and shall not thereafter furnish to the agency any
92  of the information that remains not complete or accurate.
93  (3) Duty to provide notice of dispute. If the completeness or accuracy of any information
94  furnished by any person to any consumer reporting agency is disputed to such person by
95  a consumer, the person may not furnish the information to any consumer reporting
96  agency without notice that such information is disputed by the consumer.
97  (b) Duties of furnishers of information upon notice of dispute.
98  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute
99  with regard to the completeness or accuracy of any information provided by a person to a
100 consumer reporting agency, the person shall
101 (A) conduct an investigation with respect to the disputed information;
102 (B) review all relevant information provided by the consumer reporting agency pursuant
103 to section 611(a)(2) [§ 1681i];
104 (C) report the results of the investigation to the consumer reporting agency; and
105 (D) if the investigation finds that the information is incomplete or inaccurate, report those
106 results to all other consumer reporting agencies to which the person furnished the
107 information and that compile and maintain files on consumers on a nationwide basis.
108 (2) Deadline. A person shall complete all investigations, reviews, and reports required
109 under paragraph (1) regarding information provided by the person to a consumer
110 reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i]
111 within which the consumer reporting agency is required to complete actions required by
112 that section regarding that information.
113 **The Defendant has reported this account to all three bureaus since August**
114 **2007 and has updated same for a period of eight months in all three**

115 bureaus with erroneous and inaccurate information through today as they
116 have not provided validation of the alleged debt/account.
117 **Plaintiff demands judgement for $24,000.00**
118 Plaintiff re-alleges the allegations set forth in paragraphs 67 through 119
119 hereinabove.
120 **Count IV**
121 Failure to mark the account in dispute
122 According to the Fair Credit Reporting Act, section **623. Responsibilities**
123 **of furnishers of information to consumer reporting agencies [15**
124 **U.S.C. § 1681s-2]:**
125 (a) Duty of furnishers of information to provide accurate information.
126 (1) Prohibition.
127 (A) Reporting information with actual knowledge of errors. A person shall not furnish any
128 information relating to a consumer to any consumer-reporting agency if the person knows
129 or consciously avoids knowing that the information is inaccurate.
130 (B) Reporting information after notice and confirmation of errors. A person shall not
131 furnish information relating to a consumer to any consumer-reporting agency if
132 (i) <u>**the person has been notified by the consumer, at the address specified by the**</u>
133 <u>**person for such notices, that specific information is inaccurate; and**</u>
134 (ii) the information is, in fact, inaccurate.
135 (2) Duty to correct and update information. A person who
136 (A) regularly and in the ordinary course of business furnishes information to one or more
137 consumer reporting agencies about the person's transactions or experiences with any
138 consumer; and
139 (B) has furnished to a consumer reporting agency information that the person determines
140 is not complete or accurate, shall promptly notify the consumer reporting agency of that

141 determination and provide to the agency any corrections to that information, or any
142 additional information, that is necessary to make the information provided by the person
143 to the agency complete and accurate, and shall not thereafter furnish to the agency any
144 of the information that remains not complete or accurate.
145 **(3) Duty to provide notice of dispute. If the completeness or accuracy of any**
146 **information furnished by any person to any consumer reporting agency is**
147 **disputed to such person by a consumer, the person may not furnish the**
148 **information to any consumer reporting agency without notice that such**
149 **information is disputed by the consumer.**
150 Greentree on the Experian, Trans Union, and Equifax credit reports of
151 Plaintiff does not reflect that the information is disputed by the consumer
152 even though the Plaintiff has sent a letter of validation/dispute to the
153 Defendant and to date the Defendant has not responded. The Defendant
154 has reported this account to all three national credit reporting agencies
155 since August 2007 and has updated same for a period of eight months in
156 all three agencies through today.
157 Plaintiff demands judgement for $24,000.00
158 Plaintiff re-alleges the allegations set forth in paragraphs 120 through 159
159 hereinabove.
160 **Count V**
161 On or about January 7th 2008 the Plaintiff contacted one Mr. Keith
162 Anderson COO of Greentree Financial at their headquarters in St. Paul
163 MN by certified US Mail return receipt requested and it was received by
164 Mr. Anderson on January 9th 2008. The letter was written in an attempt to
165 resolve the issues identified in this complaint and the Plaintiff instructed

166  Mr. Anderson of the situation and to have someone with responsibility to

167  correct these issues and contact the Plaintiff. On or about January 21st

168  2008 the Plaintiff received a letter from one Ms. Dawn DeHaai

169  Correspondence Manager requesting the following information from the

170  Plaintiff

171  1. Affidavit of Forgery

172  2. A copy of the Plaintiffs Social Security Card

173  3. A copy of the Plaintiffs Drivers License.

174  4. Filed Police Report

175  This was a letter of continued collection activity in violation of § 809.

176  **Validation of debts [15 USC 1692g]** after the Defendants had received

177  the request for validation/dispute in August of 2007 and the letter to Mr.

178  Anderson on January 17th, 2008. **§ 807. False or misleading**

179  **representations [15 USC 1692e]** there was no consumer warning on the

180  letter *"this is an attempt to collect a debt and any information obtained will*

181  *be used for that purpose"*

182  **The Plaintiff demands Judgement in the amount of $2000.00**

183  Plaintiff re-alleges the allegations set forth in paragraphs 160 through 184

184  hereinabove.

185  **Count VI**

186  Mr. Anderson who was aware of the situation failed to mitigate the issues

187  and knowingly and with willful non-compliance and negligent

188  noncompliance pursued continued collection activity. Failed to correct the

189 Plaintiffs credit reports and the erroneous situation after being duly
190 informed of the situation and of the violation of the FCRA and DCPA by
191 having correspondence sent to the Plaintiff by one via. Ms.DeHaai.

192 Defendant also violated under the FCRA section **Sec. 1681n. Civil**
193 **liability for willful noncompliance**

194 Any consumer reporting agency or **user** of information which willfully fails to comply with
195 any requirement imposed under this title with respect to any consumer is liable to that
196 consumer in an amount equal to the sum of--
197 (1) any actual damages sustained by the consumer as a result of the failure;
198 (2) such amount of punitive damages as the court may allow; and
199 (3) in the case of any successful action to enforce any liability under this section, the
200 costs of the action together with reasonable attorney's fees as determined by the court.

201 Under the FCRA **Sec. 1681o. Civil liability for negligent**
202 **noncompliance**

203 Any consumer reporting agency or **user** of information which is negligent in failing to
204 comply with any requirement imposed under this title with respect to any consumer is
205 liable to that consumer in an amount equal to the sum of--
206 (1) any actual damages sustained by the consumer as a result of the failure;
207 (2) in the case of any successful action to enforce any liability under this section, the
208 costs of the action together with reasonable attorney's fees as determined by the court.

209 **Plaintiff Demands judgement for punitive damages of $20,000.00**

210 Plaintiff re-alleges the allegations set forth in paragraphs 185 through 211
211 hereinabove.

212 The Plaintiff has contacted by certified US Mail all three national credit-
213 reporting agencies in these matters Experian, Equifax and Trans Union

214 with letters of dispute and they have responded that they are reporting this
215 information correctly as provided by Greentree.
216 The Defendants have damaged the Plaintiffs Credit Report, Credit Score
217 and have committed Defamation of Character,*PerSe'* against the Plaintiff.
218 **WHEREFORE,** the defendants have violated the Fair Credit Reporting Act
219 and the Debt Collection Practices Act, Plaintiff demands judgment in the
220 amount of $95,000.00, plus all costs of this action along with punitive
221 damages in the amount of $150,000.00 or as the court may allow along
222 with Private Attorney General fees of $3000.00 as prescribed by law
223 *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec.*
224 *1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997*
225 *WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .*
226 Plaintiff re-alleges the allegations set forth in paragraphs 212 through 227
227 hereinabove.
228 The Plaintiff has tried every way possible to resolve these issues amicably
229 but has not been replied to or ignored in these matters thus leaving the
230 Plaintiff no alternative but to seek relief through this Honorable Court.

231 <u>**Statement Upon Which Relief Can Be Granted**</u>

232 1. A settlement agreement between the Plaintiff and the Defendant that
233    the Defendant shall remove any derogatory information and inquires
234    from all four major credit-reporting agencies Trans Union, Equifax,
235    Experian and Innovis and any other known credit reporting agencies
236    Greentree has used now or may use in the future.
237
238 2. Defendant must also provide a letter and or Universal Data Form
239    indicating that they have done this and send same to the Plaintiff.

10

228 The Plaintiff has tried every way possible to resolve these issues amicably

229 but has not been replied to or ignored in these matters thus leaving the

230 Plaintiff no alternative but to seek relief through this Honorable Court.

231 **Statement Upon Which Relief Can Be Granted**

232 1. A settlement agreement between the Plaintiff and the Defendant that
233    the Defendant shall remove any derogatory information and inquires
234    from all four major credit-reporting agencies Trans Union, Equifax,
235    Experian and Innovis and any other known credit reporting agencies
236    Greentree has used now or may use in the future.
237
238 2. Defendant must also provide a letter and or Universal Data Form
239    indicating that they have done this and send same to the Plaintiff.
240
241 3. The Defendant will be barred now or in the future from selling or
242    transferring of the alleged debt to any other collection agency or
243    attorney or entity and also barred now and in the future from re-
244    entering this information into the Plaintiffs credit reports.
245
246 4. The Defendant must cease and desist any further collection activities
247    against the Plaintiff and the Defendant may not Sell or Transfer the
248    alleged account to any other Collection Agency or Attorney or entity
249    now or in the future.
250
251 5. Payment of $95,000.00 for their violations

252 6. Private Attorney General fees must be paid to the Plaintiff

253 7. Damages as allowed by the Court.

254 Respectfully submitted this 26th Day of March 2008.

Michael J. Mirras, Plaintiff
2909 Cooper Lane
Marshalltown, IA. 50158
641-352-0049/752-1682
michaelmirras@yahoo.com

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint/summons Mirras vs. Greentree/Anderson has been served upon the Defendants at their business address at GreenTree Financial Services, 345 Saint Peter Street, Saint Paul, Minnesota 55102(800-270-3285) on or about 26th day of March 2008 with affidavit of service by U.S. Postal Service Certified Mail Return Receipt to follow to be submitted to the Clerk of the Court.

*[signature]*

Michael J. Mirras, Plaintiff
2909 Cooper Lane
Marshalltown, IA. 50158
641-352-0049/7521682
michaelmirras@yahoo.com