# IN THE UNITED STATES DISTRICT COURT
## FOR THE IOWA SOUTHERN DISTRICT
## EIGHTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL J. MIRRAS, | ) | |
| Plaintiff, *ProSe'* | ) | |
| | ) | Case No.: cv-00123-RP-TJS |
| V. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Greentree Financial, Defendant | ) | |
| Keith Anderson, Co-Defendant | ) | |

**PLAINTIFFS' SATEMENT OF CLAIM**
**STATEMENT UPON WHICH RELIEF CAN BE GRANTED**

COMES NOW the Plaintiff, Michael J. Mirras. The Plaintiff at all times is a resident of

the State of Iowa and the County of Marshall. As such establishing the jurisdiction of

this honorable Court.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief

Can Be Granted.

## Statement of Claim

1   The Defendant is a 3rd party debt collector located in St. Paul MN. as such

2   is governed under the law by The Fair Debt Collection Practices Act 15

3   USC §1601,*et seq.* The Defendant is also a credit lender and as such

4   governed under the law by The Fair Credit Reporting Act 15 USC §1681,

5   *et seq.* and also reports these accounts to the national credit reporting

6   agencies i.e. Trans Union, Equifax, Experian and Innovis all national credit

7   reporting agencies.

8   The State of Iowa abides by and adheres to these laws. Specifically the

9   Fair Credit Reporting Act 15 USC §1681, *et seq.* and

10    The Fair Debt Collection Practices Act 15 USC §1601,*et seq.* Thus

11    establishing the jurisdiction of this honorable court. Specifically §813 of the

12    FDCPA and §1681p of the FCRA. The Defendants are governed under

13    these laws.

14    The Plaintiff denies ever having any contractual agreement for credit,

15    loans or services relationship with the Defendants.

16    Even if the Plaintiff did have such an agreement, which the Plaintiff

17    denies, the alleged debt is not in question here. But the fact as to how it

18    was or was not validated and wrongful actions of the Defendants in an

19    attempt to collect and credit reporting of the alleged debt, violated the civil

20    rights of the Plaintiff and the law as outlined in the Debt Collection

21    Practices Act, 15 USC §1601,*et seq.* and the Fair Credit Reporting Act 15

22    USC §1681, *et seq.*

23    On or about August 6th 2007 the Defendant contacted the Plaintiff by U.S.

24    mail indicating they had purchased and or transferred an account from

25    EMF mortgage of Texas to Greentree Financial Services.

26    That statement indicated that *"your account is seriously past due! Call*

27    *800-494-4566 for payment arrangements"*

28    **Count I**

29    Overshadowing 1996 U.S. Dist. LEXIS 22555, *

30    DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT

31    ASSOCIATES, Defendant. 96-C-0195-S

32    The Plaintiff has 30 days to respond to this alleged account and the

33  statement *"call 800-494-4566 for payment arrangements"* indicates that

34  the Plaintiff must contact them immediately as opposed to the 30 days as

35  allowed by law.

36  **Plaintiff demands judgement in the amount of $1000.00**

37  Plaintiff re-alleges the allegations set forth in paragraphs 1 through 39

38
39  hereinabove.

40
41  **Count II**

42  On or about August 15th 2007 the Plaintiff sent a letter of validation/dispute

43  to the Defendant asking to provide proof of the alleged debt. The Plaintiff

44  sent this by certified US Mail return receipt requested. The Defendant

45  received this on August 17th 2007. As of today's date there has been no

46  response from the Defendant in this matter. The Defendant violated

47  Section **809. Of the DCPA Validation of debts [15 USC 1692g]**

48  **(b) If the consumer notifies the debt collector in writing within the thirty-day period**

49  **described in subsection (a) that the debt, or any portion thereof, is disputed, or that the**

50  **consumer requests the name and address of the original creditor, the debt collector shall**

51  **cease collection of the debt, or any disputed portion thereof, until the debt collector obtains**

52  **verification of the debt or any copy of a judgment, or the name and address of the original**

53  **creditor, and a copy of such verification or judgment, or name and address of the original**

54  **creditor, is mailed to the consumer by the debt collector.**

55  No proof of any account/debt has been received from Greentree to

56  indicate any proof of any alleged debt.

57  The Plaintiff pulled his credit report August 2007 and found that Greentree

58  had entered derogatory information into the Plaintiffs Trans Union and

59  Experian and Equifax Credit report indicating that the account was

3

60   charged off and late. By not providing any proof of the alleged account did

61   perform continuous collection activity prior to providing proof of the alleged

62   account. This remains in the Plaintiffs credit report to date, the Defendant

63   has updated the account on numerous occasions.

64   **Plaintiff demands judgement in the amount of $24,000.00**

65   Plaintiff re-alleges the allegations set forth in paragraphs 41 through 66

66   hereinabove.

67   **Count III**

68   Reporting erroneous and inaccurate information.

69   VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

70   According to the Fair Credit Reporting Act, section **623. Responsibilities**

71   **of furnishers of information to consumer reporting agencies [15**

72   **U.S.C. § 1681s-2]:**

73   (a) Duty of furnishers of information to provide accurate information.

74   (1) Prohibition.

75   (A) Reporting information with actual knowledge of errors. A person shall not furnish any

76   information relating to a consumer to any consumer-reporting agency if the person knows

77   or consciously avoids knowing that the information is inaccurate.

78   (B) Reporting information after notice and confirmation of errors. A person shall not

79   furnish information relating to a consumer to any consumer-reporting agency if

80   (i) the person has been notified by the consumer, at the address specified by the

81   person for such notices, that specific information is inaccurate; and

82   (ii) the information is, in fact, inaccurate.

83   (2) Duty to correct and update information. A person who

4

84    (A) regularly and in the ordinary course of business furnishes information to one or more

85    consumer reporting agencies about the person's transactions or experiences with any

86    consumer; and

87    (B) has furnished to a consumer reporting agency information that the person determines

88    is not complete or accurate, shall promptly notify the consumer reporting agency of that

89    determination and provide to the agency any corrections to that information, or any

90    additional information, that is necessary to make the information provided by the person

91    to the agency complete and accurate, and shall not thereafter furnish to the agency any

92    of the information that remains not complete or accurate.

93    (3) Duty to provide notice of dispute. If the completeness or accuracy of any information

94    furnished by any person to any consumer reporting agency is disputed to such person by

95    a consumer, the person may not furnish the information to any consumer reporting

96    agency without notice that such information is disputed by the consumer.

97    (b) Duties of furnishers of information upon notice of dispute.

98    (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute

99    with regard to the completeness or accuracy of any information provided by a person to a

100   consumer reporting agency, the person shall

101   (A) conduct an investigation with respect to the disputed information;

102   (B) review all relevant information provided by the consumer reporting agency pursuant

103   to section 611(a)(2) [§ 1681i];

104   (C) report the results of the investigation to the consumer reporting agency; and

105   (D) if the investigation finds that the information is incomplete or inaccurate, report those

106   results to all other consumer reporting agencies to which the person furnished the

107   information and that compile and maintain files on consumers on a nationwide basis.

108   (2) Deadline. A person shall complete all investigations, reviews, and reports required

109   under paragraph (1) regarding information provided by the person to a consumer

110   reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i]

111    within which the consumer reporting agency is required to complete actions required by

112    that section regarding that information.

113    The Defendant has reported this account to all three bureaus since August

114    2007 and has updated same for a period of eight months in all three

115    bureaus with erroneous and inaccurate information through today as they

116    have not provided validation of the alleged debt/account.

117    **Plaintiff demands judgement for $24,000.00**

118    Plaintiff re-alleges the allegations set forth in paragraphs 67 through 119

119    hereinabove.

120    **Count IV**

121    Failure to mark the account in dispute

122    According to the Fair Credit Reporting Act, section **623. Responsibilities**

123    **of furnishers of information to consumer reporting agencies [15**

124    **U.S.C. § 1681s-2]:**

125    (a) Duty of furnishers of information to provide accurate information.

126    (1) Prohibition.

127    (A) Reporting information with actual knowledge of errors. A person shall not furnish any

128    information relating to a consumer to any consumer-reporting agency if the person knows

129    or consciously avoids knowing that the information is inaccurate.

130    (B) Reporting information after notice and confirmation of errors. A person shall not

131    furnish information relating to a consumer to any consumer-reporting agency if

132    (i) **the person has been notified by the consumer, at the address specified by the**

133    **person for such notices, that specific information is inaccurate; and**

134    (ii) the information is, in fact, inaccurate.

135    (2) Duty to correct and update information. A person who

136  (A) regularly and in the ordinary course of business furnishes information to one or more

137  consumer reporting agencies about the person's transactions or experiences with any

138  consumer; and

139  (B) has furnished to a consumer reporting agency information that the person determines

140  is not complete or accurate, shall promptly notify the consumer reporting agency of that

141  determination and provide to the agency any corrections to that information, or any

142  additional information, that is necessary to make the information provided by the person

143  to the agency complete and accurate, and shall not thereafter furnish to the agency any

144  of the information that remains not complete or accurate.

145  **(3) Duty to provide notice of dispute. If the completeness or accuracy of any**

146  **information furnished by any person to any consumer reporting agency is**

147  **disputed to such person by a consumer, the person may not furnish the**

148  **information to any consumer reporting agency without notice that such**

149  **information is disputed by the consumer.**

150  Greentree on the Experian, Trans Union, and Equifax credit reports of

151  Plaintiff does not reflect that the information is disputed by the consumer

152  even though the Plaintiff has sent a letter of validation/dispute to the

153  Defendant and to date the Defendant has not responded. The Defendant

154  has reported this account to all three national credit reporting agencies

155  since August 2007 and has updated same for a period of eight months in

156  all three agencies through today.

157  Plaintiff demands judgement for $24,000.00

158  Plaintiff re-alleges the allegations set forth in paragraphs 120 through 159

159  hereinabove.

160   **Count V**

161   On or about January 7th 2008 the Plaintiff contacted one Mr. Keith

162   Anderson COO of Greentree Financial at their headquarters in St. Paul

163   MN by certified US Mail return receipt requested and it was received by

164   Mr. Anderson on January 9th 2008. The letter was written in an attempt to

165   resolve the issues identified in this complaint and the Plaintiff instructed

166   Mr. Anderson of the situation and to have someone with responsibility to

167   correct these issues and contact the Plaintiff.  On or about January 21st

168   2008 the Plaintiff received a letter from one Ms. Dawn DeHaai

169   Correspondence Manager requesting the following information from the

170   Plaintiff

171   1.  Affidavit of Forgery

172   2.  A copy of the Plaintiffs Social Security Card

173   3.  A copy of the Plaintiffs Drivers License.

174   4.  Filed Police Report

175   This was a letter of continued collection activity in violation of **§ 809.**

176   **Validation of debts [15 USC 1692g]** after the Defendants had received

177   the request for validation/dispute in August of 2007 and the letter to Mr.

178   Anderson on January 17th, 2008. **§ 807. False or misleading**

179   **representations [15 USC 1692e]** there was no consumer warning on the

180   letter *"this is an attempt to collect a debt and any information obtained will*

181   *be used for that purpose"*

8

182 **The Plaintiff demands Judgement in the amount of $2000.00**

183 Plaintiff re-alleges the allegations set forth in paragraphs 160 through 184

184 hereinabove.

185 **Count VI**

186 Mr. Anderson who was aware of the situation failed to mitigate the issues

187 and knowingly and with willful non-compliance and negligent

188 noncompliance pursued continued collection activity. Failed to correct the

189 Plaintiffs credit reports and the erroneous situation after being duly

190 informed of the situation and of the violation of the FCRA and DCPA by

191 having correspondence sent to the Plaintiff by one via. Ms.DeHaai.

192 Defendant also violated under the FCRA section **Sec. 1681n. Civil**

193 **liability for willful noncompliance**

194 Any consumer reporting agency or **user** of information which willfully fails to comply with

195 any requirement imposed under this title with respect to any consumer is liable to that

196 consumer in an amount equal to the sum of--

197 (1) any actual damages sustained by the consumer as a result of the failure;

198 (2) such amount of punitive damages as the court may allow; and

199 (3) in the case of any successful action to enforce any liability under this section, the

200 costs of the action together with reasonable attorney's fees as determined by the court.

201 Under the FCRA **Sec. 1681o. Civil liability for negligent**

202 **noncompliance**

203 Any consumer reporting agency or **user** of information which is negligent in failing to

204 comply with any requirement imposed under this title with respect to any consumer is

205 liable to that consumer in an amount equal to the sum of--

9

206   (1) any actual damages sustained by the consumer as a result of the failure;

207   (2) in the case of any successful action to enforce any liability under this section, the

208   costs of the action together with reasonable attorney's fees as determined by the court.

209   **Plaintiff Demands judgement for punitive damages of $20,000.00**

210   Plaintiff re-alleges the allegations set forth in paragraphs 185 through 211

211   hereinabove.

212   The Plaintiff has contacted by certified US Mail all three national credit-

213   reporting agencies in these matters Experian, Equifax and Trans Union

214   with letters of dispute and they have responded that they are reporting this

215   information correctly as provided by Greentree.

216   The Defendants have damaged the Plaintiffs Credit Report, Credit Score

217   and have committed Defamation of Character,*PerSe'* against the Plaintiff.

218   **WHEREFORE,** the defendants have violated the Fair Credit Reporting Act

219   and the Debt Collection Practices Act, Plaintiff demands judgment in the

220   amount of $95,000.00, plus all costs of this action along with punitive

221   damages in the amount of $150,000.00 or as the court may allow along

222   with Private Attorney General fees of $3000.00 as prescribed by law

223   *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec.*

224   *1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d— (1997*

225   *WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .*

226   Plaintiff re-alleges the allegations set forth in paragraphs 212 through 227

227   hereinabove.

228   The Plaintiff has tried every way possible to resolve these issues amicably

229   but has not been replied to or ignored in these matters thus leaving the

230   Plaintiff no alternative but to seek relief through this Honorable Court.

231                 **Statement Upon Which Relief Can Be Granted**

232   1. A settlement agreement between the Plaintiff and the Defendant that
233      the Defendant shall remove any derogatory information and inquires
234      from all four major credit-reporting agencies Trans Union, Equifax,
235      Experian and Innovis and any other known credit reporting agencies
236      Greentree has used now or may use in the future.
237
238   2. Defendant must also provide a letter and or Universal Data Form
239      indicating that they have done this and send same to the Plaintiff.
240
241   3. The Defendant will be barred now or in the future from selling or
242      transferring of the alleged debt to any other collection agency or
243      attorney or entity and also barred now and in the future from re-
244      entering this information into the Plaintiffs credit reports.
245
246   4. The Defendant must cease and desist any further collection activities
247      against the Plaintiff and the Defendant may not Sell or Transfer the
248      alleged account to any other Collection Agency or Attorney or entity
249      now or in the future.
250
251   5. Payment of $95,000.00 for their violations

252   6. Private Attorney General fees must be paid to the Plaintiff

253   7. Damages as allowed by the Court.

254   Respectfully submitted this 26th Day of March 2008.
255
256      _____
257                 Michael J. Mirras, Plaintiff
258                 2909 Cooper Lane
259                 Marshalltown, IA. 50158
260                 641-352-0049/752-1682
261                 michaelmirras@yvanoo.com
262
263
264
265

266   **CERTIFICATE OF SERVICE**
267
268   I hereby certify that a copy of the forgoing complaint/summons Mirras vs.
269   Greentree/Anderson has been served upon the Defendants at their
270   business address at GreenTree Financial Services, 345 Saint Peter
271   Street, Saint Paul, Minnesota 55102(800-270-3285) on or about 26th day
272   of March 2008 with affidavit of service by U.S. Postal Service Certified
273   Mail Return Receipt to follow to be submitted to the Clerk of the Court.
274

275

276   Michael J. Mirras, Plaintiff
277   2909 Cooper Lane
278   Marshalltown, IA. 50158
279   641-352-0049/7521682
280   michaelmirras@yahoo.com



U.S.
MARSHAL P...
APR 2...
AMO...
$1...
0005

50306

UNITED STATES
POSTAL SERVICE

0000

FIRST CLASS
FIRST CLASS

US District Court
ATT: Clerk of the Court
PO Box 9344
Des Moines, IA 50306-9344

FIRST CLASS MAIL

Mr. Michael Mitras
2909 Cooper Ln.
Marshalltown, IA 50158