IN THE UNITED STATES DISTRICT COURT
FOR THE IOWA SOUTHERN DISTRICT
EIGHTH CIRCUIT

RECEIVED
08 MAY -6 AM 10: 31
CLERK U.S. DIST. CT COURT
SOUTHERN DISTRICT OF IA

| | |
|---|---|
| MICHAEL J. MIRRAS, ) | |
| Plaintiff, *ProSe'* ) | Case No.: 4:08cv-00123-RP-TJS |
| V. ) | TRIAL BY JURY DEMANDED |
| ) | |
| Greentree Financial, Defendant ) | |
| Keith Anderson, Co-Defendant ) | |

## AMENDED
## PLAINTIFFS' SATEMENT OF CLAIM
## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Michael J. Mirras. The Plaintiff at all times is a resident of the State of Iowa and the County of Marshall. As such establishing the jurisdiction of this honorable Court.

Plaintiff respectfully submits Plaintiffs Amended Statement of Claim and Statement Upon Which Relief Can Be Granted.

## Statement of Claim

1  The Defendant is a 3rd party debt collector located in St. Paul MN. as such is

2  governed under the law by The Fair Debt Collection Practices Act 15 USC

3  §1601,*et seq*. The Defendant is also a credit lender and as such governed under

4  the law by The Fair Credit Reporting Act 15 USC §1681, *et seq*. and also reports

5  these accounts to the national credit reporting agencies i.e. Trans Union, Equifax,

6  Experian and Innovis all national credit reporting agencies.

7. The State of Iowa abides by and adheres to these laws. Specifically the Fair Credit
8. Reporting Act 15 USC §1681, *et seq.* and
9. The Fair Debt Collection Practices Act 15 USC §1601, *et seq.* Thus establishing
10. the jurisdiction of this honorable court. Specifically §813 of the FDCPA and
11. §1681p of the FCRA. The Defendants are governed under these laws.
12. The Plaintiff denies ever having any contractual agreement for credit, loans or
13. services relationship with the Defendants.
14. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the
15. alleged debt is not in question here. But the fact as to how it was or was not
16. validated and wrongful actions of the Defendants in an attempt to collect and credit
17. reporting of the alleged debt, violated the civil rights of the Plaintiff and the law as
18. outlined in the Debt Collection Practices Act, 15 USC §1601, *et seq.* and the Fair
19. Credit Reporting Act 15 USC §1681, *et seq.*
20. On or about August 6th 2007 the Defendant contacted the Plaintiff by U.S. mail
21. indicating they had purchased and or transferred an account from EMF mortgage
22. of Texas to Greentree Financial Services.
23. That statement indicated that *"your account is seriously past due! Call 800-494-*
24. *4566 for payment arrangements"*
25. **Count I**
26. Overshadowing 1996 U.S. Dist. LEXIS 22555, *
27. DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT
28. ASSOCIATES, Defendant. 96-C-0195-S
29. The Plaintiff has 30 days to respond to this alleged account and the statement *"call*

30  *800-494-4566 for payment arrangements"* indicates that the Plaintiff must contact

31  them immediately as opposed to the 30 days as allowed by law.

32  **Plaintiff demands judgement in the amount of $1000.00**

33  Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35

34
35  hereinabove.

36
37  **Count II**

38  On or about August 15th 2007 the Plaintiff sent a letter of validation/dispute to the

39  Defendant asking to provide proof of the alleged debt. The Plaintiff sent this by

40  certified US Mail return receipt requested. The Defendant received this on August

41  17th 2007. As of today's date there has been no response from the Defendant in

42  this matter. The Defendant violated Section **809. Of the DCPA Validation of**

43  **debts [15 USC 1692g]**

44  (b) If the consumer notifies the debt collector in writing within the thirty-day period described in

45  subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the

46  name and address of the original creditor, the debt collector shall cease collection of the debt, or any

47  disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a

48  judgment, or the name and address of the original creditor, and a copy of such verification or

49  judgment, or name and address of the original creditor, is mailed to the consumer by the debt

50  collector.

51  No proof of any account/debt has been received from Greentree to indicate any

52  proof of any alleged debt.

53  The Plaintiff pulled his credit report August 2007 and found that Greentree had

54  entered derogatory information into the Plaintiffs Trans Union and Experian and

55  Equifax Credit report indicating that the account was charged off and late. By not

56  providing any proof of the alleged account did perform continuous collection

57 activity prior to providing proof of the alleged account. This remains in the Plaintiffs
58 credit report to date, the Defendant has updated the account on numerous
59 occasions.
60 **Plaintiff demands judgement in the amount of $24,000.00**
61 Plaintiff re-alleges the allegations set forth in paragraphs 36 through 62
62 hereinabove.
63 **Count III**
64 Reporting erroneous and inaccurate information.
65 VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
66 According to the Fair Credit Reporting Act, section **623. Responsibilities of**
67 **furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-**
68 **2]:**
69 (a) Duty of furnishers of information to provide accurate information.
70 (1) Prohibition.
71 (A) Reporting information with actual knowledge of errors. A person shall not furnish any
72 information relating to a consumer to any consumer-reporting agency if the person knows or
73 consciously avoids knowing that the information is inaccurate.
74 (B) Reporting information after notice and confirmation of errors. A person shall not furnish
75 information relating to a consumer to any consumer-reporting agency if
76 (i) <u>the person has been notified by the consumer, at the address specified by the person for</u>
77 <u>such notices, that specific information is inaccurate; and</u>
78 (ii) the information is, in fact, inaccurate.
79 (2) Duty to correct and update information. A person who
80 (A) regularly and in the ordinary course of business furnishes information to one or more consumer
81 reporting agencies about the person's transactions or experiences with any consumer; and

82  (B) has furnished to a consumer reporting agency information that the person determines is not
83  complete or accurate, shall promptly notify the consumer reporting agency of that determination
84  and provide to the agency any corrections to that information, or any additional information, that is
85  necessary to make the information provided by the person to the agency complete and accurate,
86  and shall not thereafter furnish to the agency any of the information that remains not complete or
87  accurate.
88  (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished
89  by any person to any consumer reporting agency is disputed to such person by a consumer, the
90  person may not furnish the information to any consumer reporting agency without notice that such
91  information is disputed by the consumer.
92  (b) Duties of furnishers of information upon notice of dispute.
93  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard
94  to the completeness or accuracy of any information provided by a person to a consumer reporting
95  agency, the person shall
96  (A) conduct an investigation with respect to the disputed information;
97  (B) review all relevant information provided by the consumer reporting agency pursuant to section
98  611(a)(2) [§ 1681i];
99  (C) report the results of the investigation to the consumer reporting agency; and
100 (D) if the investigation finds that the information is incomplete or inaccurate, report those results to
101 all other consumer reporting agencies to which the person furnished the information and that
102 compile and maintain files on consumers on a nationwide basis.
103 (2) Deadline. A person shall complete all investigations, reviews, and reports required under
104 paragraph (1) regarding information provided by the person to a consumer reporting agency,
105 before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer
106 reporting agency is required to complete actions required by that section regarding that information.
107 The Defendant has reported this account to all three bureaus since August 2007
108 and has updated same for a period of eight months in all three bureaus with

109 erroneous and inaccurate information through today as they have not provided

110 validation of the alleged debt/account.

111 **Plaintiff demands judgement for $24,000.00**

112 Plaintiff re-alleges the allegations set forth in paragraphs 63 through 113

113 hereinabove.

114 **Count IV**

115 Failure to mark the account in dispute

116 According to the Fair Credit Reporting Act, section **623. Responsibilities of**

117 **furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-**

118 **2]:**

119 (a) Duty of furnishers of information to provide accurate information.

120 (1) Prohibition.

121 (A) Reporting information with actual knowledge of errors. A person shall not furnish any

122 information relating to a consumer to any consumer-reporting agency if the person knows or

123 consciously avoids knowing that the information is inaccurate.

124 (B) Reporting information after notice and confirmation of errors. A person shall not furnish

125 information relating to a consumer to any consumer-reporting agency if

126 (i) <u>the person has been notified by the consumer, at the address specified by the person for</u>

127 <u>such notices, that specific information is inaccurate; and</u>

128 (ii) the information is, in fact, inaccurate.

129 (2) Duty to correct and update information. A person who

130 (A) regularly and in the ordinary course of business furnishes information to one or more consumer

131 reporting agencies about the person's transactions or experiences with any consumer; and

132 (B) has furnished to a consumer reporting agency information that the person determines is not

133 complete or accurate, shall promptly notify the consumer reporting agency of that determination

134 and provide to the agency any corrections to that information, or any additional information, that is

135 necessary to make the information provided by the person to the agency complete and accurate,
136 and shall not thereafter furnish to the agency any of the information that remains not complete or
137 accurate.
138 **(3) Duty to provide notice of dispute. If the completeness or accuracy of any information**
139 **furnished by any person to any consumer reporting agency is disputed to such person by a**
140 **consumer, the person may not furnish the information to any consumer reporting agency**
141 **without notice that such information is disputed by the consumer.**
142 Greentree on the Experian, Trans Union, and Equifax credit reports of Plaintiff
143 does not reflect that the information is disputed by the consumer even though the
144 Plaintiff has sent a letter of validation/dispute to the Defendant and to date the
145 Defendant has not responded. The Defendant has reported this account to all
146 three national credit reporting agencies since August 2007 and has updated same
147 for a period of eight months in all three agencies through today.
148 **Plaintiff demands judgement for $24,000.00**
149 Plaintiff re-alleges the allegations set forth in paragraphs 113 through 150
150 hereinabove.
151 **Count V**
152 On or about January 7th 2008 the Plaintiff contacted one Mr. Keith Anderson COO
153 of Greentree Financial at their headquarters in St. Paul MN by certified US Mail
154 return receipt requested and it was received by Mr. Anderson on January 9th 2008.
155 The letter was written in an attempt to resolve the issues identified in this
156 complaint and the Plaintiff instructed Mr. Anderson of the situation and to have
157 someone with responsibility to correct these issues and contact the Plaintiff. On or
158 about January 21st 2008 the Plaintiff received a letter from one Ms. Dawn DeHaai
159 Correspondence Manager requesting the following information from the Plaintiff

160  1. Affidavit of Forgery

161  2. A copy of the Plaintiffs Social Security Card

162  3. A copy of the Plaintiffs Drivers License.

163  4. Filed Police Report

164  This was a letter of continued collection activity in violation of **§ 809. Validation of**

165  **debts [15 USC 1692g]** after the Defendants had received the request for

166  validation/dispute in August of 2007 and the letter to Mr. Anderson on January

167  17th, 2008. **§ 807. False or misleading representations [15 USC 1692e]** there

168  was no consumer warning on the letter *"this is an attempt to collect a debt and any*

169  *information obtained will be used for that purpose"* The Plaintiff demands

170  Judgement in the amount of $2000.00 . Plaintiff re-alleges the allegations set forth

171  in paragraphs 151 through 171 hereinabove.

172  **Count VI**

173  Mr. Anderson who was aware of the situation failed to mitigate the issues and

174  knowingly and with willful non-compliance and negligent noncompliance pursued

175  continued collection activity. Failed to correct the Plaintiffs credit reports and the

176  erroneous situation after being duly informed of the situation and of the violation of

177  the FCRA and DCPA by having correspondence sent to the Plaintiff by one via.

178  Ms.DeHaai.

179  Defendant also violated under the FCRA section **Sec. 1681n. Civil liability for**

180  **willful noncompliance**

181  Any consumer reporting agency or <u>user</u> of information which willfully fails to comply with any

182  requirement imposed under this title with respect to any consumer is liable to that consumer in an

183  amount equal to the sum of--

8

184  (1) any actual damages sustained by the consumer as a result of the failure;

185  (2) such amount of punitive damages as the court may allow; and

186  (3) in the case of any successful action to enforce any liability under this section, the costs of the

187  action together with reasonable attorney's fees as determined by the court.

188  Under the FCRA **Sec. 1681o. Civil liability for negligent noncompliance**

189  Any consumer reporting agency or <u>user</u> of information which is negligent in failing to comply with

190  any requirement imposed under this title with respect to any consumer is liable to that consumer in

191  an amount equal to the sum of--

192  (1) any actual damages sustained by the consumer as a result of the failure;

193  (2) in the case of any successful action to enforce any liability under this section, the costs of the

194  action together with reasonable attorney's fees as determined by the court.

195  **Plaintiff Demands judgement for punitive damages of $20,000.00**

196  Plaintiff re-alleges the allegations set forth in paragraphs 172 through 197

197  hereinabove,

198  **Count VII**

199  Under DCPA § 807. **False or misleading representations [15 USC 1692e]** there

200  was no consumer warning on the letter *"this is an attempt to collect a debt and any*

201  *information obtained will be used for that purpose"*

202  Prior to this action, failure to indicated on correspondence received from the

203  Defendant on or about March 24th 2008 written by one Mariam K. Mastascusa who

204  submitted a letter to the Plaintiff without the consumers warning *"this is an attempt*

205  *to collect a debt and any information obtained will be used for that purpose."*

206  **The Plaintiff demands Judgement in the amount of $1000.00**

207  Plaintiff re-alleges the allegations set forth in paragraphs 198 through 208

208  hereinabove.

209 **Count VIII**

210 PART 226—TRUTH IN LENDING (REGULATION Z)

211 The Defendant has provided documents indicating an alleged contract that has

212 referred to property owned by the Plaintiff located in Arizona and indicates a trust

213 deed that has been crossed out on the alleged contract as well as no counter

214 signature by the lender as well as no notary stamp. Plaintiff believes these are

215 fraudulent documents and would seek this courts penalties to be invoked as

216 damages.

217 Plaintiff re-alleges the allegations set forth in paragraphs 209 through 218

218 hereinabove.

219 The Plaintiff has contacted by certified US Mail all three national credit-reporting

220 agencies in these matters Experian, Equifax and Trans Union with letters of

221 dispute and they have responded that they are reporting this information correctly

222 as provided by Greentree.

223 The Defendants have damaged the Plaintiffs Credit Report, Credit Score and have

224 committed Defamation of Character, *PerSe'* against the Plaintiff.

225 **WHEREFORE,** the defendants have violated the Fair Credit Reporting Act and the

226 Debt Collection Practices Act, Plaintiff demands judgment in the amount of

227 $95,000.00, plus all costs of this action along with punitive damages in the amount

228 of $150,000.00 or as the court may allow along with Private Attorney General fees

229 of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir.*

230 *1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc.,*

231 *F.3d— (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .*

232  Plaintiff re-alleges the allegations set forth in paragraphs 209 through 223

233  hereinabove.

234  The Plaintiff has tried every way possible to resolve these issues amicably but has

235  not been replied to or ignored in these matters thus leaving the Plaintiff no

236  alternative but to seek relief through this Honorable Court.

237  **Statement Upon Which Relief Can Be Granted**

238  1. A settlement agreement between the Plaintiff and the Defendant that the
239     Defendant shall remove any derogatory information and inquires from all four
240     major credit-reporting agencies Trans Union, Equifax, Experian and Innovis
241     and any other known credit reporting agencies Greentree has used now or may
242     use in the future.

244  2. Defendant must also provide a letter and or Universal Data Form indicating that
245     they have done this and send same to the Plaintiff.

247  3. The Defendant will be barred now or in the future from selling or transferring of
248     the alleged debt to any other collection agency or attorney or entity and also
249     barred now and in the future from re-entering this information into the Plaintiffs
250     credit reports.

252  4. The Defendant must cease and desist any further collection activities against
253     the Plaintiff and the Defendant may not Sell or Transfer the alleged account to
254     any other Collection Agency or Attorney or entity now or in the future.

256  5. Payment of $95,000.00 for their violations

257  6. Private Attorney General fees must be paid to the Plaintiff

258  7. Damages as allowed by the Court.

259  Respectfully submitted this 5th Day of May 2008.

*[signature]*

Michael J. Mirras, Plaintiff
2909 Cooper Lane
Marshalltown, IA. 50158
641-352-0049/752-1682
michaelmirras@yahoo.com

## CERTIFICATE OF SERVICE

273 I hereby certify that a copy of the forgoing Amended Complaint/ Mirras vs. Greentree/Anderson has been served upon the Attorney of Record Troy Venner, Lane & Waterman LLP, 220 N. Main Suite 600, Davenport, IA 52801 (563) 324-3246 via US mail and e-mail TVenner@L-WLAW.com on or about the 5th day of May 2008

/Michael J. Mirras, Plaintiff
2909 Cooper Lane
Marshalltown, IA. 50158
641-352-0049/7521682
michaelmirras@yahoo.com