```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF IOWA
                       CENTRAL DIVISION
```

MICHAEL J. MIRRAS,            )
                              )   No. 4:08-cv-00123-RP-RAW
    Plaintiff,            )
                              )
vs.                           )   ORDER ADOPTING SCHEDULING
                              )   ORDER AND DISCOVERY PLAN,
GREENTREE FINANCIAL,          )   SETTING TRIAL AND FINAL
                              )   PRETRIAL
    Defendant.            )

The Court has reviewed the parties' proposed scheduling order [14, 15]. The following deadlines are set:

    1.    Add Parties deadline **December 1, 2008**.

    2.    Amended Pleadings are due by **January 2, 2009** (1/1/2009 is a holiday).

    3.    Plaintiff's Expert Witness disclosures in compliance with Fed. R. Civ. P. 26(a)(2) are due by **January 2, 2009** (1/1/2009 is a holiday).

    4.    Defendant's Expert Witness disclosures in compliance with Fed. R. Civ. P. 26(a)(2) are due by **March 2, 2009** (3/1/2009 is a weekend).

    5.    Discovery shall be concluded, and not propounded, by **February 2, 2009** (2/1/2009 is a weekend)**.**

    7.    Dispositive Motion Deadline is **January 2, 2009** (1/1/2009 is a holiday).

This case is set for jury trial before Chief Judge Robert W. Pratt beginning at **9:00 a.m. on Monday, July 19, 2010** at the U.S. Courthouse in Des Moines, Iowa. Estimated length of trial is

two days. Final pretrial is set before the undersigned **at 9:00 AM on Friday, June 11, 2010** by telephone conference call arranged by counsel for defendant. The Court may be reached at (515) 284-6217 for purposes of the conference. The parties should comply with the requirements for final pretrial conference attached to this order.

     IT IS SO ORDERED.

     Dated this 2d day of September, 2008.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE

# ORDER RE:  FINAL PRETRIAL CONFERENCE

Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1.b and .d, IT IS ORDERED that the following requirements for the final pretrial conference shall be met:

1. Counsel shall appear before a United States Magistrate Judge at the time and place noted in the attached schedule, fully prepared to conduct the pretrial conference.  *No continuance of the trial date will be granted unless the request is made within ten days from the date of this Order, and for good cause shown.*

2. The judge assigned to conduct the Final Pretrial Conference is available to schedule a settlement conference.  The parties will be required to be personally present at settlement conferences.  Counsel shall confer, and contact the office of the undersigned if they wish to schedule a settlement conference.  The parties are reminded that private mediation services also are commercially available, if a court-sponsored settlement conference is not appropriate for this case.

3. Counsel shall confer to prepare the **Final Pretrial Conference Order**, in accordance with the attached form.  *At the final pretrial conference*, an original and one copy shall be submitted to the judge.  It is the responsibility of plaintiff's counsel to prepare and present this order.  Separate proposals from each party will not be accepted.  Appropriate sanctions will be imposed pursuant to Fed. R. Civ. P. 16(f) for failure to comply with these requirements.

4. *Before the final pretrial conference,* **motions in limine** must be filed and served on opposing counsel, so that they may be addressed at the conference.

5. *By the time of the final pretrial conference,* the parties shall have filed:
    a) **Trial Briefs**;
    b) Proposed **Voir Dire** Questions;
    c) Complete **Jury Instructions**, including **verdict forms** (counsel may confer and submit one joint set of unopposed instructions/verdict forms and individually submit the contested jury instructions/verdict forms); and
    d) A stipulated **statement of the case** to be read during jury selection.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE

United States District Court
Tel:  515-284-6217

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF IOWA
_____ DISTRICT

[INSERT PARTIES AND CASE NUMBER]

                                        PROPOSED ORDER ON
                                        FINAL PRETRIAL
                                        CONFERENCE

A Final Pretrial Conference was held in the above-captioned matter pursuant to Fed.R.Civ.P. 16 on _____.

The following counsel, who will try the case, appeared at the conference:

1. For plaintiff(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State, and Zip Code
   Phone Number (give Area Code)

2. For defendant(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State, and Zip Code
   Phone Number (give Area Code)

Accordingly, IT IS ORDERED:

I. THE PARTIES AGREE THAT THE FOLLOWING FACTS ARE TRUE AND UNDISPUTED:

   A.
   B.

[Note: The parties should set out in full all material facts to which there is no dispute. Special consideration should be given to such things, where relevant, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, and property damage. Parties should stipulate any undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party. In such instances, the stipulated fact should be followed by an identification of the objecting party and the objection (i.e. "Plaintiff objects to relevance.").]

2

II. EXHIBITS:

A. The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof, or objection. Specifically, the parties agree that both plaintiff(s) and defendant(s) exhibits listed under this portion (Paragraph II, A) of the Proposed Order on Final Pretrial Conference are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

   1. Plaintiff(s) Exhibits:

      1. [describe exhibit]
      2. [describe exhibit]
      3. [describe exhibit]

   2. Defendant(s) Exhibits:

      A. [describe exhibit]
      B. [describe exhibit]
      C. [describe exhibit]

B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

   1. Plaintiff(s) Exhibits:

      4. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      5. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      6. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

3

   2. Defendant(s) Exhibits:

      D. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      E. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      F. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

C. Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

   1. Plaintiff(s) Exhibits:

      7. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      8. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      9. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

   2. Defendant(s) Exhibits:

      G. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      H. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      I. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

[Note: Any exhibits not properly listed in the Proposed Order on Final Pretrial Conference will be subject to exclusion at trial and any objection not indicated will be deemed waived unless this order is modified prior to trial to prevent manifest injustice. All exhibits shall be made available to opposing counsel for inspection sufficiently prior to the Final Pretrial Conference to permit objections to be noted in the proposed order. Failure to provide exhibits for inspection shall constitute a valid ground for objection at trial and should be noted in the proposed order.]

4

III. WITNESSES:

    A.    Plaintiff(s) Witnesses (list witnesses, addresses and substance of testimony):

        1.
        2.

    B.    Defendant(s) Witnesses (list witnesses, addresses and substance of testimony):

        1.
        2.

    C.    A party listing a witness guarantees his/her presence at trial unless the court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have listed them or not.

    D.    A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

IV. FACTUAL ISSUES:

    A.    Plaintiff(s) Factual Issues:

        1.
        2.

    B.    Defendant(s) Factual Issues:

        1.
        2.

[Note: Each party should list all views of the major disputes which are involved in the case.]

V. LEGAL CONTENTIONS:

    A.    Plaintiff(s) Legal Contentions:

        1.
        2.

      B.    Defendant(s) Legal Contentions:

          1.
          2.

[Note: Each party should set forth all theories of recovery or defense, including specifications of fault which will be raised at trial. The elements of each theory of recovery and the elements of damages sought must be included.]

VI.    LEGAL ISSUES:

      A.    Plaintiff(s) Legal Issues:

          1.
          2.

      B.    Defendant(s) Legal Issues:

          1.
          2.

[Note: The parties should set forth any legal questions which are likely to arise at trial. This should include such things as:

A legal dispute as to the elements of plaintiff's cause of action or whether recovery is barred as a matter of law by a particular defense;

Whether, as a matter of law, a particular defense would apply;

Any legal dispute as to the measure, elements, or recovery of damage claimed by plaintiff;

Any unusual evidentiary questions which are likely to arise at trial; and

Whether the Statue of Frauds or the Parol Evidence Rule will be raised; etc.]